■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLAND HUGHES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered February 13, 1985, convicting him of robbery in the first degree (six counts), burglary in the second degree and assault in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and another man robbed at gunpoint six

employees of the Retail Shoe Employees Union of their money and jewelry, beat some of them, stole money from the office safes, and then forced them to disrobe and lie on the floor while the robbers fled. Four of the six victims identified the defendant in court as one of the robbers and his fingerprints were found at the scene.

On the eve of trial, the defendant expressed a lack of confidence in his court-appointed attorney and indicated that his family was attempting to hire another attorney to defend him. The court insisted on proceeding with jury selection and denied any adjournment of the trial. The defendant contends on appeal that he was effectively deprived of his constitutional right to counsel because he was required to defend himself with an attorney in whom he had no confidence. However, as the Court of Appeals has held, "though a defendant's confidence in appointed counsel is most desirable, as it is in any client-attorney relationship, a bald statement that it is lacking is not controlling. Good cause for such an opinion must be demonstrated before a substitution need follow" (People v Sawyer, 57 NY2d 12, 19). In the instant case, the defendant's belief that his attorney gave information to the prosecution was entirely unfounded, irrational and lacking in any factual support and did not constitute good cause to delay his trial while his family made further efforts to hire other counsel. We note that there is no indication in the record of the pretrial proceedings that the defendant's family expected to actually retain another attorney within a reasonable period of time.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.